# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| United States of America, | ) |
| Plaintiff, | ) **ORDER RE DEFENDANT'S** |
| | ) **DISCOVERY MOTION AND** |
| vs. | ) **PROTECTIVE ORDER** |
| | ) |
| Rene L. Johnson | ) Case No. 1:17-cr-00186 |
| Defendant. | ) |

Before the court are defendant's motion for discovery (Doc . No. 13) and the government's request for a protective order and order for reciprocal discovery (Doc. No. 16).

**DEFENDANT'S MOTION FOR DISCOVERY (DOC. NO. 13)**

Defendant requests that the court order the government to produce the material set forth in the requests that follow. Defendant contends that the government is obligated to produce the material pursuant to: (1) Fed. R. Crim. P. 16; (2) the Jencks Act (18 U.S.C. § 3500); and (3) the government's obligation under the Due Process Clause to produce exculpatory and impeachment material pursuant to Brady,[1] Giglio,[2] and their progeny.

Defendant's discovery requests and the government's responses are addressed seriatim as follows:

> *1. Information written, recorded, or reported as gathered by Federal Agents in interviews with Gene Koch, Defendant's former business partner and friend, now deceased, which information she believes is critical to her defense.*

The government states it does not have the requested information in its possession. Given this representation, no court action is required.

---

[1] Brady v. Maryland, 373 U.S. 83 (1979).

[2] Giglio v. United States, 405 U.S. 150 (1970).

1

> 2. *A packet of documents Federal Agents took from her in January of 2014 when she was told she was not a target of any investigation but which they promised to return to her and never did.*

The government states it has provided information with respect to this item, *i.e.*, "RJ Records Box 1, 2, 3, Quickbooks and thumbdrive." In the absence of a further showing by defendant, no court action is required.

> 3. *Phone records, text messages or other recordings or documentation that would support statements made in the discovery material where Sarah Creveling claimed that Defendant pressured or harassed Doug Carlile to get her investment back.*

The government states that responsive information will be provided as part of a three-terabyte download of device imaging. To the extent the information is not provided, defendant can renew its request with a more targeted one.

> 4. *Text messages, emails, recordings or other documentation that pertain to exchanges or discussions between Mike Schmitz and Sarah Creveling that in any way are alleged to support illegal activities engaged in by Defendant.*

The government states that some of the requested information may be included in the information that will be provided as set forth its response to Request No. 3, but, if it is not in there, it either does not exist or is not in the government's possession.

> 5. *Copies of all letters, text messages, or other communications in the government's possession or access alleged to have been sent to or received by Gene Koch, Christopher Matysek, Alex Feldman, Douglas Helton, Mike Hentgen or Bob Gannaway in which is contained information supportive of the governments position that defendant engaged in illegal activity.*

The government states the requested information has been provided as part of initial or supplemental discovery submissions to the extent it is in the government's possession. Based on this representation, no court action is required.

> 6. *A copy of any and all reports, emails, text messages, recordings or other information obtained by Federal Agents from Steve Stenehjem.*

The government states no information was previously acquired but that the individual has been interviewed following the making of the present motion and that any reports generated will be provided.

> 7. *Any and all reports, recordings, or computer records of interviews of Rene Johnson by Federal Agents including, but not limited to any that may have taken place prior to the time she was not a target of investigation, any conducted by federal agents in January of 2014 under grant of immunity and any conducted in March of 2017, after the federal government had been advised no further interviews would be permitted without presence of her counsel but she was interviewed anyway. This should include the names and addresses of all persons present at any and all such interviews, including but not limited to stenographers, typists, computer operators, recorders and a statement of when and where the interviews took place.*

The government states it believes defendant is referencing interviews conducted by agents under a grant of immunity by authorities in another district and that the reports and recordings will be provided to the extent they exist. With respect to this item, the government will be required to turn over any information with respect to statements made by the defendant as required by Fed. R. Crim. P. 16(a)(1)(A)-(C), including any statements made by the defendant to federal prosecutors or agents in another judicial district that are in anyway related to the matters that are the subject of the Indictment.

> 8. *Any and all reports, emails, text messages, recordings or other information in the government's possession or access obtained from or about persons who expressed an interest in investing in leases or oil development in Section I2, Township 148, Range 92 West, Fort Berthold Indian Reservation in Dunn County, North Dakota.*

The government states it has already provided any responsive information that is in its possession. Based on this representation, no court action is required.

> 9. *Any and all reports, emails, text messages, recordings, interviews or other information sent to or obtained from Mallorie Millano.*

The government states it has provided responsive information and will provide any additional information by way of supplement.

3

10. *Any and all reports, emails, text messages, recordings, interviews or other information sent to or obtained from John Wark.*

11. *Any and all reports, emails, text messages, recordings, interviews or other information sent to or obtained from Bill Curtis.*

The government states in response to Request Nos. 10 & 11 that it does not have the information in its possession. Given this representation, no court action is required.

12. *Any and all reports, emails, text messages, recordings, interviews or other information sent to or obtained from Aaron Dunn.*

13 *Any and all stenographic type notes, reports, emails, text messages, recordings, interviews or other information sent to or obtained from the Agent who accompanied FBI Agent Aaron Dunn when defendant was interviewed at her office in Watford City on March 13, 2017.*

The government responds to Request Nos. 12-13 stating that the information sought relates to other ongoing investigation(s) and is not relevant to this action. Based on the lack of demonstration of relevance in defendant's motion and no showing made by way of reply, the court will not make any order. However, the government remains obligated to produce information within its possession that is discoverable under Fed. R. Crim. P. 16(a)(1)(E) if the defendant is able to satisfy one or more of the predicates for discovery under that section in any further requests to the government (which do not have to be made in the form of a motion). Also, the government remains obligated to provide any of the requested information to the extent it is Brady/Giglio material.

14. *A copy of the transcript of the testimony of Tex Hall during the murder trial of James Hendrickson.*

The government states it has no obligation to provide a transcript of this testimony since it will not be calling this individual as a witness. The government also states that the transcript is a matter of public record and can be obtained by defendant. Based on the representation that the government does not intend on calling the witness, the request will be denied since the Jencks Act's requirements extend only to providing statements of witnesses who will be called to testify.

4

However, the government is reminded of its obligation to provide any information in its possession that may be subject to disclosure under Brady/Giglio.

> 15. *A copy of the transcript of the testimony of any person who testified at the James Hendrickson murder trial if that person is going to be called to testify at defendant's trial.*

The government states that transcripts of any witnesses at the murder trial who will be called by the government to testify in this case will be provided. Based on this representation, the transcripts of any witnesses who will be testifying shall be turned over to the defendant ten days prior to trial based on the government's agreement to make Jencks Act material available at that time in order to avoid unnecessary delay during trial.

> 16 *A copy of any written or recorded interviews or reports by government agents sent to or obtained from Tex Hall and/or his attorney that in any way discuss defendant and her role in the activity alleged in the indictment to have been illegal.*

The government states it is unaware of any such material. Based on this representation, no court action is required.

> 17. *Any correspondence, text messages or other written or recorded exchanges between government agents and any civil litigation attorneys representing Christopher Matysek, Alex Feldman, Douglas Helton, Mike Hentgen, Bob Gannaway or the estate or widow of any of these relating to pending civil litigation with the defendant.*

The government state it does not possess any responsive documents. Based on this representation, no court action is required.

> 18. *Any and all reports, emails, text messages, recordings, interviews or other information sent to or obtained from Justin Voll.*
>
> 19. *Any and all reports, emails, text messages, recordings, interviews or other information sent to or obtained from Darrick Trudell.*
>
> 20. *Any and all reports, emails, text messages, recordings, interviews or other information sent to or obtained from Bob Gannaway.*

The government responds to Request Nos. 18-20 stating it has produced as part of the initial or supplemental discovery what is in its possession. Based on this representation, no court action is required.

21. *No item 21 in defendant's motion.*

22. *No item 22 in defendant's motion.*

23. *Any and all reports, emails, text messages, recordings, interviews or other information sent to or obtained from Jacob Newell.*

The government states it will provide the information to the extent it is in the government's possession.

24. *Any and all telephone numbers and email addresses of which the government has knowledge used by Doug Helton during the period of time covered by the indictment.*

The government states that any information it has will be in the discovery material made available to defendant.

25. *Any and all telephone numbers and email addresses of which the government has knowledge used by James Hendrickson during the period of time covered by the indictment.*

The government states that any information it has either has been produced or will be produced in the additional discovery referenced in its response to Request No. 3.

26. *The name, address, resume, and report of any "expert" the government intends to call for trial to testify that the investments that are the subject matter of these indictments were "high risk".*

The government states it will provide the requested information to the extent required by Fed. R. Crim. P. 16(a)(1)(G).

27. *A copy of any grand jury testimony given in this case by any person the government intends to call to testify at trial.*

The government responds by stating it will provide the requested information three days prior to trial.

Based on the foregoing, defendant's discovery motion (Doc. No. 13) is **GRANTED IN PART** and **DENIED IN PART** as follows:

1. The government shall make available the material it states it will provide as set forth in its responses to the extent the material is in its possession.[3] This includes a disclosure of any expert witness information to the extent required by Fed. R. Crim. P. 16(a)(1)(G).

2. The government shall turnover any information or documents with respect to statements made by defendant as required by Fed. R. Crim. P. 16(a)(1)(A)-(C), including statements made by the defendant to federal prosecutors or agents in any other judicial district which relate in anyway to the matters set forth in the Indictment.

3. The government shall no later than ten days prior to trial produce statements of the witnesses it will be calling to testify at trial that constitute Jencks Act and Fed. R. Crim. P. 26.2 material, except for grand jury testimony, which shall be produced no later than three days prior to trial.

4. No court action is warranted with respect to the remainder of its requests subject to the caveat that the government is expected to fully comply with its obligations under Fed. R. Crim. P. 16(a)(1), the Jenks Act, and Brady/Giglio with respect to any information that may subsequently come into its possession or is subject to its control.

---

[3] To be clear, "possession" is not limited to the United States Attorney's Office.

## GOVERNMENT'S REQUEST FOR A PROTECTIVE ORDER AND RECIPROCAL DISCOVERY (DOC NO. 16)

The court concludes that the government has demonstrated good cause for a protective order. Further, defendant's discovery requests have triggered reciprocal obligations of discovery. Based on the foregoing, the court **GRANTS IN PART** the government's motion at Doc. No. 16 and **ORDERS** the following:

1. To expedite the flow of discovery material between the parties, the United States may produce certain Personal Identity Information, as identified in Rule 49.1 of the Federal Rules of Criminal Procedure, pursuant to defendant's discovery requests. The information produced may be subject to the provisions of the Privacy Act, 5 U.S.C. § 552a, or to the provisions of 42 U.S.C. § 1306. The United States may produce these documents unredacted to defense counsel upon request. Upon producing these documents, the United States shall designate them as confidential by marking the electronic media as "Protected Material – Subject to Court Order." The parties agree that no document will be submitted to the Court, reproduced in any court filing, or presented in open Court unless the document or filing is placed under seal or all Personal Identity Information as identified in Rule 49.1 of the Federal Rules of Criminal Procedure is redacted, or prior approval by the Court obtained.

2. The information produced by a party in discovery may only be used by the other party for the limited purpose of discovery and in connection with the above captioned federal criminal case now pending against the defendant. Absent a court order, copies of the information provided in discovery by one party shall not be disseminated by the other party to another person, except that the party may disclose the material to the party's counsel, staff or employee of the party's counsel, and any

agent or expert retained by the party or the party's counsel. Also, absent a court order, the information may not be used or disclosed in any proceeding not part of the pending criminal case. Any agent retained or used by the party in preparation for litigation will be advised of this Order by the party, and use of the information by the retained agent will be subject to the terms of the Order.

3. Grand jury testimony will remain in the sole custody of the party's attorney or the agent working on behalf of the attorney and shall not be left with the defendant. Other than for uses associated with representation of the defendant in the criminal case now pending, the defense shall not photocopy or reproduce grand jury transcripts, Jencks Act statements, or exhibits. If the attorney for the defendant is subsequently allowed to withdraw from this case, and a new attorney is appointed or retained, upon agreement by the United States Attorney's Office, the withdrawing attorney may provide copies of transcriptions, summaries, notes, or dictations of discovery material to the new attorney. The new attorney, however, shall be subject to the terms of this Order.

4. Defendant shall provide reciprocal discovery under Fed. R. Crim. P 16(b)(1)(A)-(C) & 26.2, including producing ten days prior to trial statements of witnesses the defendant intends to call at trial.

Dated this 18th day of December, 2017.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr.
United States Magistrate Judge